IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–01886–RM–KMT

SUSAN K. CARSKADON,

    Plaintiff,

v.

DIVA INTERNATIONAL, INC.,
FRANCINE CHAMBERS, in all capacities, and
CARINNE CHAMBERS, in all capacities,

    Defendants.

## AMENDED ORDER

This matter is before the court on Plaintiff's "Motion to Allow Third Amended Complaint and Jury Demand" (Doc. No. 41, filed Feb. 26, 2013 [Mot. Am.]), and Defendants' "Motion for Dismissal, Fees, and Costs under Rule 41(b)" (Doc. No. 50, filed Mar. 20, 2013 [Mot. for Dismissal]).  The court also addresses herein Defendants' "Motion to Dismiss" and "Motion to Stay Discovery Pending Ruling on Defendants' Motion to Dismiss." (Doc. Nos. 33 & 35, filed Jan. 29, 2013.)

### PROCEDURAL HISTORY

In this case, Plaintiff asserts several claims against Defendants based on her employment with, and termination from, Diva International, Inc. (*See generally* Second Am. Compl., Doc.

No. 29, filed Jan. 15, 2013 ["SAC"].) Plaintiff initiated this suit on July 19, 2012 by filing her original Complaint. (*See* Doc. No. 1.) On October 18, 2012, Plaintiff filed an Amended Complaint as a matter of course, pursuant to Fed. R. Civ. P. 15(a)(1). (Doc. No. 8.) Plaintiff's Second Amended Complaint was filed on January 15, 2013 after Defendants advised the court that they consented to the proposed amendments contained therein. (*See* SAC; Minute Order, Doc. No. 28.)

In her present Motion to Amend, Plaintiff seeks leave to file a Third Amended Complaint (Doc. No. 41-2) that (1) withdraws her first claim for conversion, second claim for civil theft, and third claim for violations of the Colorado Wage Act ("CWA"); and (2) features additional allegations relating to the court's personal jurisdiction over Defendants and Plaintiff's remaining claims for tortious interference and wrongful discharge. On March 20, 2013, Defendants filed their Response to Plaintiff's Motion to Amend (Doc. No. 49) stating that, although they do not oppose Plaintiff's proposal to withdraw her conversion, civil theft, and CWA claims, they believe that the court should instead dismiss these claims under Fed. R. Civ. P. 41(b). Plaintiff filed her Reply in support of her Motion to Amend on April 3, 2013. (Doc. No. 51.)

Consistent with the position asserted in their Response to Plaintiff's Motion to Amend, Defendants' Motion for Dismissal requests that the court dismiss Plaintiff's first, second, and third claims, pursuant to Rule 41(b), and award Defendants fees and costs associated with filing their Motion to Dismiss. Plaintiff filed her Response to Defendants' Motion for Dismissal on April 10, 2013 (Doc. No. 53) and Defendants filed a reply on April 23, 2013 (Doc. No. 54). Accordingly, these matters are ripe for the court's review and ruling.

## ANALYSIS

*A.   Motion for Dismissal*

Notwithstanding Defendants' reliance thereon, the court finds that Fed. R. Civ. P. 41(b) is an inappropriate mechanism for dismissing Plaintiff's conversion, civil theft, and CWA claims. By its plain language, Rule 41(b) governs only "involuntary dismissal[s]" for a failure "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Here, Plaintiff seeks to voluntarily withdraw her conversion, civil theft, and CWA claims. Thus, Rule 41(b) is inapposite under the present circumstances.

Further, although not argued by Defendants, Fed. R. Civ. P. 41(a), which governs voluntary dismissals by a plaintiff, also does not provide a basis for dismissing Plaintiff's conversion, civil theft, and CWA claims. Both subsections of Rule 41(a) use the term "action." In suits involving multiple claims, most circuit's have read this rule to refer to dismissal of the entire action as opposed to dismissal of a single claim or of less than all the claims in the action. *See, e.g., Ethridge v. Harbor House Rest.,* 861 F.2d 1289, 1392 (9th Cir. 1988) (collecting cases). The Tenth Circuit has found no authority to support the contention that Rule 41(a) applies to dismissal of less than all claims in an action. *Gobbo Farms & Orchard v. Poole Chem. Co.,* 81 F.3d 122, 123 (10th Cir. 1996). Instead, a Plaintiff who wishes to dismiss some claims, but not others, should do so by amending the complaint pursuant to Rule 15. *See Campbell v. Altec Indus., Inc.*, 605 F.3d 839, 841 n. 1 (11th Cir. 2010); *Gen. Signal Corp. v. MCI Telecomm. Corp.*, 66 F.3d 1500, 1513 (9th Cir. 1995); *Skinner v. First Am. Bank of Va.*, No. 93–2493, 1995 WL 507264, at *2 (4th Cir. 1995) (unpublished); *Mgmt. Investors v. United*

*Mine Workers of Am.*, 610 F.2d 384, 393–94 (6th Cir. 1979); *see also* 9 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2362 (3d ed.2008).

Accordingly, because Rule 41 is an improper basis for dismissing Plaintiff's conversion, civil theft, and CWA claims, Defendants' Motion for Dismissal is denied.[1]

### B.     *Motion to Amend*

Because Plaintiff filed her motion after the deadline for amending the pleadings, the court employs a two-step analysis, first determining whether Plaintiff has shown good cause to modify the scheduling order under Federal Rule of Civil Procedure 16(b), then evaluating whether Plaintiff has satisfied the standard for amendment of pleadings under Federal Rule of Civil Procedure 15(a).[2]  This court has stated that

---

[1] Under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(1), a magistrate judge may enter only a recommended disposition on dispositive motions, such as a motion to dismiss.  However, notwithstanding the title of Defendants' Motion, this court does not consider its resolution of Defendants' Motion for Dismissal to be dispositive.  Plaintiff and Defendants both agree to removing Plaintiff's conversion, civil theft, and CWA claims from this action; they merely disagree on the appropriate procedural mechanism for doing so.  As discussed herein, the court finds that Plaintiff's conversion, civil theft, and CWA are properly withdrawn by way of a motion to amend under Rule 15, which is ordinarily considered to be a non-dispositive motion, *see Lariviere, Grubman & Payne, LLP v. Philips,* No. 07-cv-01723-WYD-CBS, 2010 WL 4818101, at *5 (D. Colo. Nov. 9, 2010).  Therefore, ultimately, the court resolves Defendants' Motion for Dismissal on procedural, rather than substantive, grounds.

[2] The court employs this two-step analysis, notwithstanding the fact that the Tenth Circuit "has not yet decided whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' for the amendment under Rule 16(b) in addition to the Rule 15(a) requirements." *Strope v. Collins*, 315 F. App'x 57, 62 n.4 (10th Cir. 2009) (internal quotation omitted); *cf. Bylin v. Billings*, 568 F.3d 1224, 1231 n.9 (10th Cir. 2009) (acknowledging that "[m]ost circuits have held that when a party amends a pleading after a deadline set by a scheduling order, Rule 16 and its 'good cause' standard are implicated.") (collecting cases); *Minter v. Prim Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006) (citing *SIL–FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518-19 (10th Cir. 1990)) (explaining that the

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

*Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (citations omitted).

Once Plaintiff has shown good cause for modifying the scheduling order, she must also satisfy the requirements of Rule 15(a) for amending the pleadings. Under Rule 15(a), a court should allow a party to amend its pleadings "when justice so requires." Fed. R. Civ. P. 15(a). The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Notably,

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

---

Tenth Circuit "adopted a similar interpretation of Rule 16(b)'s 'good cause' requirement in the context of counterclaims asserted after the scheduling order deadline, but has not yet done so in the context of an amendment to the complaint").

*Conley v. Gibson,* 355 U.S. 41, 48 (1957).

The court first finds that Plaintiff has shown good cause for seeking to amend her Complaint after the deadline for amending the pleadings. At the outset, the court emphasizes that Plaintiff's Motion to Amend was filed only *ten days* after the deadline for amending the pleadings.

More importantly, Plaintiff's Motion to Amend was filed contemporaneously with her Response to Defendants' Motion to Dismiss and thus was filed at the same time Plaintiff became aware of any potential need to amend her complaint after Defendants' filed their Motion to Dismiss. *Rehberg v. City of Pueblo,* No. 10-cv-00261-LTB-KLM, 2011 WL 4102287, at *6 (D. Colo. Sept. 14, 2011) (finding good cause where the plaintiff moved to amend a mere 24 days after he became "aware of the compelling need to amend his complaint" by way of the defendants' motion to dismiss). The court is not persuaded by Defendants' argument that Plaintiff was advised as to the potential deficiencies in her Second Amended Complaint on December 19, 2012, when the parties conferred pursuant to Chief Judge Marcia S. Krieger's Practice Standards. *See* MSK Civ. Practice Standard V.I.2.c ("Counsel should confer prior to the filing of [a motion brought pursuant to Fed. R. Civ. P. 12(b)(6)] to determine whether the deficiency can be corrected by amendment."). Although Defendants did inform Plaintiff they believed Plaintiff's Complaint was deficient in a number of ways on that date, several of their arguments were largely conclusory. For example, with respect to the purported deficiencies in Plaintiff's allegations of personal jurisdiction, Defendants merely advised Plaintiff that they "do

not believe there is personal jurisdiction over the individual defendants because they do not have the requisite minimum contacts in Colorado." (Resp. Mot. Am., Ex. A.)

As such, the court finds that it was not until Defendants filed their Motion to Dismiss that Plaintiff became aware of many of the *particular* purported deficiencies in her Second Amended Complaint. Because Plaintiff filed her Motion to Amend at the same time she responded to Defendants' Motion to Dismiss, the court, in its "wide discretion," *see Rehberg,* 2011 WL 4102287, at *7, finds that Plaintiff has demonstrated good cause to amend the Scheduling Order.

Defendants also argue that they will be prejudiced if Plaintiff is granted leave to amend under Rule 15(a) because they were forced to file their "costly" Motion to Dismiss in response to the Second Amended Complaint. However, the mere fact that a defendant's motion to dismiss may be rendered moot if leave to amend is granted ordinarily is not sufficient to establish undue prejudice.

Instead, courts typically only find undue prejudice "when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment. Most often this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1208 (10th Cir. 2006). Here, by moving to withdraw several of her claims, Plaintiff actually is reducing the scope of the litigation. Further, Plaintiff's remaining amendments relate only to existing claims and otherwise address Defendants' dispute that the court has personal jurisdiction over them. Thus, the court rejects any notion Defendants will be unduly prejudiced if Plaintiff is granted leave to amend.

Defendants also argue that leave to amend should be denied under Rule 15(a) because Plaintiff unduly delayed in seeking to amend her Second Amended Complaint. The court rejects this argument. Plaintiff's Motion to Amend was filed a mere 10 days after the deadline for amending the pleadings and only just over a month after the Scheduling Order was entered. Thus, this case is in its relative infancy. Further, Defendants' "opposition" to Plaintiff's Motion to Amend is grievously weakened by the fact that they do not oppose the withdrawal of Plaintiff's conversion, civil theft, and CWA claims. *See also Stender v. Cardwell,* No. 07-cv-02503-WJM-MJW, 2011 WL 1235414, at *3 (D. Colo. Apr. 1, 2011) (where a party will not face any—let alone undue—prejudice if a motion to amend is granted, their opposition is grievously weakened).

Altogether, in light of the fact that Defendants do not oppose Plaintiff's request to withdraw her conversion, civil theft, and CWA claims, as well as the liberal policy governing amendments to the pleadings, the court finds it appropriate to allow Plaintiff to amend her Second Amended Complaint. *Minter,* 451 F.3d 1196, 1204 (10th Cir. 2006) (The purpose of Rule 15 is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.") (citation and internal quotation marks omitted). Therefore, for the foregoing reasons, it is

ORDERED that Defendants' "Motion for Dismissal, Fees, and Costs under Rule 41(b)" (Doc. No. 50) is DENIED and Plaintiff's "Motion to Allow Third Amended Complaint and Jury Demand" (Doc. No. 41) is GRANTED. The Clerk of Court is directed to file Plaintiff's Third Amended Complaint. (Doc. No. 41-2). It is further

ORDERED that Defendants' Motion to Dismiss (Doc. No. 33) and Defendants' Motion to Stay (Doc. No. 35), the latter of which is premised entirely on arguments raised in the former, are DENIED without prejudice as moot.

Dated this 3rd day of May, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge