IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–01886–RM–KMT

SUSAN K. CARSKADON,

    Plaintiff,

v.

DIVA INTERNATIONAL, INC.,
FRANCINE CHAMBERS, in all capacities, and
CARINNE CHAMBERS, in all capacities,

    Defendants.

**ORDER**

    This matter is before the court on Defendants' "<u>Unopposed</u> Motion to Stay Discovery Pending Ruling on Defendants' Motion to Dismiss." (Doc. No. 62, filed June 3, 2013 [Mot. Stay].) For the following reasons, Defendants' Motion is GRANTED.

    Plaintiff's Third Amended Complaint, filed May 3, 2013 (Doc. No. 56), asserts claims for tortious interference and wrongful discharge based on her alleged employment with Defendant Diva International, Inc. In their "Motion to Dismiss Third Amended Complaint Pursuant to Rule 12(b)(2) and (6)," filed May 15, 2013, Defendants argue that the court lacks personal jurisdiction over Defendants Francine and Carinne Chambers and that Plaintiff's Third Amended Complaint fails to state a claim for relief. In their Motion to Stay, Defendants argue

that discovery in this case is properly stayed until after ruling on their Motion to Dismiss.  (*See* Mot. Stay.)

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished).  Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(a).  Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).  An order staying discovery is thus an appropriate exercise of this court's discretion.  *Id.*

"[A] court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved."  8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010).  Thus, courts have recognized that a stay of discovery may be warranted while issues of jurisdiction remain to be resolved. *Kennedy v. McCormick, v. Ferry,* No. 12-cv-00561-REB-

MEH, 2012 WL 1919787, at *2 (D. Colo. May 24, 2012) (unpublished) (citing *Gilbert v. Ferry,* 401 F.3d 411, 416 (6th Cir. 2005)).  Courts have also recognized that a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."  *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). *See also Vivid Techs., Inc. v. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").  When considering a stay of discovery, this court has considered the following factors:  (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.  *See String Cheese Incident*, 2006 WL 894955, at *2.

Because Plaintiff does not oppose a stay of discovery, any potential prejudice to Plaintiff's ability to proceed expeditiously with her claims does not weigh heavily in the court's analysis.  Further, subjecting Defendants Francine and Carinne Chambers to discovery while a motion to dismiss asserting lack of personal jurisdiction is pending may subject them to undue burden or expense—particularly if Defendants' Motion to Dismiss is ultimately granted. *Kennedy,* 2012 WL 1919787, at *2 (citing *String Cheese Incident, LLC,* 2006 WL 894955, at *2); *see also E.I. Du Pont De Nemours & Co. v. Teflon Blood Inc.,* No. 09-cv-2717-WDM-KMT, 2010 WL 1957306, at *2 (D. Colo. May 13, 2010) (unpublished) ("Plaintiff's interest in having its case proceed expeditiously is outweighed by the burden on Defendant of going forward with discovery in a potentially improper jurisdiction.").  In addition, the court notes that,

if granted, Defendants' Motion to Dismiss would dispose of this entire action.   *Nankivil*, 216 F.R.D. at 692.

The court also considers its own convenience, the interests of non-parties, and the public interest.  None of these factors prompt the court to reach a different result.  In fact, neither the court or the parties' time is well-served by struggling over the substance of Plaintiff's claims while a dispositive motion implicating the court's jurisdiction is pending.  *Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation); *see also Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.") (citation and internal quotation marks omitted).

Accordingly, having considered and balanced the appropriate factors, the court finds that a stay of discovery is appropriate in this case.  Therefore, it is

ORDERED that Defendants' "<u>Unopposed</u> Motion to Stay Discovery Pending Ruling on Defendants' Motion to Dismiss" (Doc. No. 62) is GRANTED.  Discovery in this case is STAYED until ruling on "Motion to Dismiss Third Amended Complaint Pursuant to Rule

12(b)(2) and (6)" (Doc. No. 58). No later than seven (7) days after ruling on Defendants' Motion to Dismiss, should any portion of this case remain pending, the parties shall file a Joint Status Report advising the court whether the stay should be lifted.

Dated this 14th day of June, 2013.

BY THE COURT:

_____
Kathleen M Tafoya
United States Magistrate Judge