**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 12-cv-01886-RM-KMT

SUSAN K. CARSKADON,

       Plaintiff,

v.

DIVA INTERNATIONAL, INC.,
FRANCINE CHAMBERS, in all capacities, and
CARINNE CHAMBERS, in all capacities,

       Defendants.

---

**ORDER**

---

This matter is before the Court on Magistrate Judge Tafoya's recommendations ("Recommendation") (ECF No. 69) and Plaintiff's objections to one aspect of the Recommendation (ECF No. 73).  The Recommendation and Plaintiff's objections pertain to Defendants' motion to dismiss (ECF No. 58) Plaintiff's Third Amended Complaint ("Complaint") (ECF No. 56).  Plaintiff's Complaint alleges that Defendants tortiously interfered with her economic interests and wrongfully discharged her in violation of public policy.  (ECF No. 56 at 18-20.)

For the reasons stated below, the Court OVERRULES the objections to the Recommendation, ADOPTS the Magistrate Judge's Recommendation, and GRANTS, in part, Defendants' motion to dismiss.

1

I.      LEGAL STANDARDS

A.      **Review of the Magistrate Judge's Report and Recommendation**

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule

of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of

the magistrate judge's [recommendation] that has been properly objected to." In conducting its

review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive

further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P.

72(b)(3). An objection to a recommendation is proper if it is filed timely in accordance with the

Federal Rules of Civil Procedure and specific enough to enable the "district judge to focus

attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United

States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S.

140, 147 (1985)). In the absence of a timely and specific objection, "the district court may

review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927

F.2d 1165, 1167 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 72 Advisory

Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there

is no clear error on the face of the record in order to accept the recommendation.").

B.      **Rule 12(b)(6) Motion**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

P. 8(a)(2). Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must

be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A pleading that offers labels and

conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a

complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." *Id*. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. A "plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original, internal citation and quotation omitted).

The Tenth Circuit Court of Appeals has held "that plausibility refers to the scope of the allegations in a complaint:  if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotation and citation omitted). The Tenth Circuit has further noted "that the nature and specificity of the allegations required to state a plausible claim will vary based on context." *Id*. (Internal quotation and citation omitted.) Thus, the Tenth Circuit "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and

conclusions or a formulaic recitation of the elements of a cause of action, which the [Supreme

C]ourt stated will not do.'" *Id*. (Citation omitted.)

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the Court must

accept all well-pled factual allegations in the complaint as true and resolve all

reasonable inferences in a plaintiff's favor. *Morse v. Regents of the Univ. of Colo.*,

154 F.3d 1124, 1126-27 (10th Cir. 1998) (citation omitted); *Seamons v. Snow*, 84 F.3d 1226,

1231-32 (10th Cir. 1996) (citations omitted).  However, "when legal conclusions are involved in

the complaint 'the tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to [those] conclusions. . . .'" *Khalik*, 671 F.3d at 1190 (quoting *Iqbal*,

556 U.S. at 678).  "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will

disregard conclusory statements and look only to whether the remaining, factual allegations

plausibly suggest the defendant is liable." *Id*.

### C.      Rule 12(b)(2) Motion

The purpose of a motion to dismiss pursuant to Rule 12(b)(2) is to test whether the Court

has personal jurisdiction over the named parties.  The plaintiff bears the burden of establishing

personal jurisdiction over a defendant. *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733

(10th Cir. 1984) (citation omitted).  When the district court does not hold an evidentiary hearing

before ruling on jurisdiction, "the plaintiff need only make a *prima facie* showing" of personal

jurisdiction to defeat a motion to dismiss. *Id*. (citing *Am. Land Program, Inc. v. Bonaventura

Uitgevers Maatschappij, N.V.*, 710 F.2d 1449, 1454 n.2 (10th Cir. 1983)).  A *prima facie*

showing is made where the plaintiff has demonstrated facts that, if true, would support

jurisdiction over the defendant. *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086,

1091 (10th Cir. 1998).  To defeat the plaintiff's *prima facie* case, a defendant "must present a

compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'" *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004) (quoting *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999)). In Colorado, the state's long arm statute confers the maximum jurisdiction permissible consistent with the Due Process Clause. *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 n.4 (Colo. 2005) (referring to Colo. Rev. Stat. § 13-1-124). Colorado's long-arm statute subjects a defendant to personal jurisdiction for engaging in — either in person or by an agent — the "commission of a tortious act within this state," or the "transaction of any business within this state." Colo. Rev. Stat. §§ 13-1-124(1)(a)-(b) (2007). Thus, the Court need only address the constitutional question of whether the exercise of personal jurisdiction over Defendants comports with due process. *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (noting that the state jurisdictional analysis in Colorado "effectively collapses into the second, constitutional, analysis").

The Court will accept the well-pled factual allegations (namely, the plausible, nonconclusory, and nonspeculative facts) of the complaint as true to determine whether Plaintiffs have made a *prima facie* showing that personal jurisdiction exists. *Id.* Any factual conflicts must be resolved in the plaintiff's favor. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

## II.     BACKGROUND

No party objects to the Magistrate Judge's recitation of Plaintiff's factual allegations against Defendants or the case's procedural history.  Accordingly, the Court adopts and incorporates the factual and procedural history included within the Recommendation as if set forth herein.  (ECF No. 69 at 1-4.)

## III.    ANALYSIS

### A.     Plaintiff's Objection to the Recommendation to Dismiss Her Claim for Wrongful Discharge in Violation of Public Policy

Magistrate Judge Tafoya recommended granting Defendants' motion to dismiss as to Plaintiff's second claim for relief which is that Defendants wrongfully discharged Plaintiff in violation of public policy.  (ECF No. 69 at 23-27.)  Magistrate Judge Tafoya found that Plaintiff failed to establish certain elements to state a claim for wrongful termination in violation of public policy.  (ECF No. 69 at 24-27.)  Specifically, Magistrate Judge Tafoya found that Plaintiff failed to allege that (1) Defendants "directed" Plaintiff to perform any act; (2) signing the Consulting Services Agreement would violate a specific statute relating to the public health, safety, or welfare, or would undermine a clearly expressed public policy relating to Plaintiff's basic responsibility as a citizen or her rights or privileges as a worker; and (3) Defendants were aware, or reasonably should have been aware, that Plaintiff's refusal to sign the Consulting Services Agreement was due to her belief that doing so was legally impermissible.  (ECF No. 69 at 24-26.)  Plaintiff objects to these findings and this aspect of the Recommendation.  (ECF No. 73 at 2-4.)  Plaintiff objects on the basis that her claim "was based upon her termination for employment due to her refusal to execute an agreement which would require her to falsely state that she was an independent contractor rather than an employee, and to release any claim that she

had based upon her status as an employee rather than a contractor, . . . requiring her to submit

fraudulent tax information to the IRS and requiring her to forfeit regular wages under the

Colorado Wage Act, C.R.S. § 8-4-101, et seq., including FICA. . . ."  (ECF No. 73 at 2.)

To plead a claim for wrongful termination in violation of public policy, a plaintiff must

plead the following facts:

(1)     the employer directed the employee to perform an illegal act or prohibited the

employee from performing a public duty or exercising an important job-related right or

privilege;

(2)     the action directed by the employer would violate a specific statute relating to the

public health, safety, or welfare, or would undermine a clearly expressed public policy

relating to the employee's basic responsibility as a citizen or the employee's rights or

privileges as a worker;

(3)     the employee was terminated as a result of refusing to perform the act directed by

the employer; and

(4)     the employer was aware, or reasonably should have been aware, that the

employee's refusal to comply with the order was based on the employee's reasonable

belief that the action ordered by the employer was illegal, contrary to clearly expressed

statutory policy relating to the employee's duty as a citizen, or violative of the

employee's legal rights or privileges as a worker.

*Jaynes v. Centura Health Corp.*, 148 P.3d 241, 243 (Colo. App. 2006) (citing *Martin Marietta*

*Corp. v. Lorenz*, 823 P.2d 100, 109 (Colo. 1992)).

Plaintiff argues that she fulfilled the pleading requirements.  (ECF No. 73 at 2-4.)  The

Court is not convinced.

First, Plaintiff pled that Defendants "required Plaintiff to enter into a written contract in order to continue perpetrating its position that Plaintiff was an independent contractor." (ECF No. 56 ¶ 105.) The Court shares Magistrate Judge Tafoya's doubts that this is an employer-directed action to perform an illegal act. (*See* ECF No. 69 at 24-25.)

Second, Plaintiff did not plead facts that "signing" the Consulting Services Agreement would violate a specific statute relating to public health, safety, or welfare, or would undermine an expressed public policy relating to the employee's basic responsibility as a citizen or the employee's rights or privileges as a worker. (*See generally* ECF No. 56.) Plaintiff objects on the basis that actions that Defendants would or would not have taken after she had signed the Consulting Services Agreement would violate the Colorado Wage Act, Colo. Rev. Stat. § 8-4-101 *et seq.* Magistrate Judge Tafoya astutely noted this incongruence between the act of Plaintiff's *signing* the Consulting Services Agreement (does not violate any statute) and Defendants' *committing* a future violation of statutes identified in the Complaint. Simply, Plaintiff failed to plead facts how *signing* the Consulting Services Agreement, in and of itself, violates any specific statute. (*See generally* ECF No. 56.)

Third, Plaintiff did not plead facts that Defendants were aware, or reasonably should have been aware, that the reason for her refusal to sign the Consulting Services Agreement was based on her belief that the "request" to sign the Consulting Services Agreement was illegal, contrary to clearly expressed statutory policy relating to her duty as a citizen, or violative of her legal rights or privileges as a worker. (*See generally* ECF No. 56.) Plaintiff, in her objection, asserts, that "she stated this concern to the Defendants" (ECF No. 73 at 3 citing ECF No. 56 ¶ 54) but the Court finds no support for her argument in the Complaint. Thus, Plaintiff did not make Defendants aware of the reason for her refusal to sign the Consulting Services Agreement.

For these reasons, the Court overrules Plaintiff's objections and holds that Plaintiff did not sufficiently plead a claim for wrongful discharge in violation of public policy.

**B.      Plaintiff's Request for Leave to Amend Her Complaint**

In Plaintiff's objections to the Recommendation, Plaintiff requests leave to amend her Complaint. (ECF No. 73 at 5). Such a request is not properly before the Court in such a procedural posture. D.C. Colo. L. Civ. R. 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document."); *see, e.g., Hines v. Jones*, 373 F. App'x 890, 891-92 (10th Cir. Apr. 22, 2010); *see Calderon v. Kan. Dep't of Social & Rehab. Servs.*, 181 F.3d 1180, 1185-87 (10th Cir. 1999) (a response to motion to dismiss is insufficient to be construed as request to amend a complaint).

**C.      Aspects of the Recommendation to Which No Objection Was Filed**

The Court concludes that Magistrate Judge Tafoya's analysis of the issues as to which no objection was filed was thorough and sound, and that there is no clear error on the face of the record. *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Summers*, 927 F.2d at 1167 ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."). Accordingly, the Court denies Defendants' motion to dismiss on (1) lack of personal jurisdiction; and (2) failure to state a claim for tortious interference with her economic interests.

**IV.      CONCLUSION**

Based on the foregoing, the Court:

(1)      OVERRULES Plaintiff's objections (ECF No. 73);

(2)      ADOPTS the Recommendation (ECF No. 69);

(3)      GRANTS, in part, Defendants' motion to dismiss (ECF No. 58), to wit, the Court

dismisses Plaintiff's second claim for relief in the Third Amended Complaint for wrongful

discharge in violation of public policy; and

(4)      DENIES, in part, Defendants' motion to dismiss (ECF No. 58), to wit, the Court

denies the motion with respect to Defendants' argument that the Court lacks personal jurisdiction

over Francine and Carinne Chambers as well as that Plaintiff's first claim for relief in the Third

Amended Complaint for tortious interference with her economic interests does not state a claim

for relief.

Dated this 29th day of December, 2014.

BY THE COURT:

_____

RAYMOND P. MOORE
United States District Judge